

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALOE VERA OF AMERICA, INC., a Texas corporation; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant-Appellee. | No.   15-15672 <br><br> D.C. No. 2:99-cv-01794-JAT <br><br><br> ORDER AMENDING MEMORANDUM DISPOSITION; ORDER DENYING PETITION FOR REHEARING AND REHEARING EN BANC |

Before:  McKEOWN and BYBEE, Circuit Judges, and MOLLWAY,[*] District Judge.

The memorandum disposition filed April 5, 2017, is amended as follows:  on page 4, lines 9 to 12, which is part of paragraph 5 of the ruling, replace "While this scope was certainly considered by the NTA, Plaintiffs failed to prove by a preponderance of the evidence that the false statement was determinative of the NTA's decision to participate in the simultaneous examination" with "But the district court found that Plaintiffs failed to prove that it was more probable than not

---

[*]      The Honorable Susan Oki Mollway, United States District Judge for the District of Hawaii, sitting by designation.

that the false statement caused the NTA to participate in the simultaneous examination. That finding was not clearly erroneous." With the foregoing amendment to the memorandum disposition, Plaintiff-Appellants' petition for rehearing, filed May 22, 2017, is DENIED.

The full court has been advised of the petition for rehearing en banc. No judge has requested the panel's recommendation as to en banc consideration or a vote on whether to rehear the matter en banc. Pursuant to Rule 35 of the Federal Rules of Appellate Procedure and Circuit Advisory Committee Note (2) to Rules 35-1 to 35-3, the petition for rehearing en banc, filed May 22, 2017, is therefore DENIED.

No further petitions for rehearing will be accepted in this case.

FILED

JUN 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALOE VERA OF AMERICA, INC., a Texas corporation; et al., | No. 15-15672 |
| Plaintiffs-Appellants, | D.C. No. 2:99-cv-01794-JAT |
| v. | AMENDED MEMORANDUM[*] |
| UNITED STATES OF AMERICA, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted March 15, 2017
San Francisco, California

Before: McKEOWN and BYBEE, Circuit Judges, and MOLLWAY,[**] District Judge.

This appeal (the third in this case) follows a bench trial after which the

district court found that the Internal Revenue Service had provided Japan's taxing

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Susan Oki Mollway, United States District Judge for the District of Hawaii, sitting by designation.

authority with information the IRS knew to be false about Plaintiffs.  Plaintiffs sought millions of dollars in damages that they said resulted when Japan's taxing authority followed its alleged custom of leaking information to the Japanese press. The district court, finding that the United States had improperly disclosed tax return information in violation of 26 U.S.C. § 6103, determined that the United States was liable for damages under 26 U.S.C. § 7431.  Because Plaintiffs failed to meet their burden of proving actual damages, the district court awarded only statutory damages of $1000 to Aloe Vera of America, Inc., $1000 to Gene Yamagata, and $1000 to Rex and Ruth Maughan jointly.  This appeal followed.

At oral argument, Plaintiffs abandoned their argument that the burden with respect to causation of damages should be shifted to the United States, instead conceding that Plaintiffs had the burden of proving causation by a preponderance of the evidence.  Plaintiffs also conceded that no damages should be awarded to the holding companies, Maughan Holdings, Inc., and Yamagata Holdings, Inc., and that punitive damages were not recoverable in the absence of an award of actual damages.  Given these concessions, the only issue on this appeal concerns the damage rulings relating to Aloe Vera of America, Gene Yamagata, and Rex and Ruth Maughan.

We review a district court's findings of fact after a bench trial for clear error. Fed. R. Civ. P. 52(a)(6) ("Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility."); *see F.T.C. v. BurnLounge, Inc.*, 753 F.3d 878, 883 (9th Cir. 2014). We review the district court's conclusions of law de novo. *Id.* We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's decision to award only statutory damages. However, as agreed by the United States, with respect to Rex Maughan and Ruth Maughan, we reverse and remand with instructions to the district court to award separate statutory damages of $1000 to each of them, rather than $1000 to them jointly.

Under 26 U.S.C. § 7431(a)(1), a taxpayer whose tax return or return information has been disclosed in violation of § 6103 may sue for damages. Monetary damages are the greater of statutory damages of $1000 or actual damages plus punitive damages in appropriate cases. *See* 26 U.S.C. § 7431(c). There is no dispute that the IRS sent the National Tax Administration of Japan ("NTA") a Simultaneous Examination Proposal containing a false statement ("Unreported Income Statement") listing approximately $32 million that Plaintiffs allegedly should have reported as income on their returns. Nor is there any dispute

3

that this false statement violated § 6103. What is disputed is whether Plaintiffs proved that this false statement caused the NTA to participate with the United States in a simultaneous examination that allegedly led to millions of dollars in damages.

The district court did not clearly err in determining that Plaintiffs failed to meet their burden of proving by a preponderance of the evidence, whether direct or circumstantial, that the IRS had caused actual damages. The Unreported Income Statement went to the scope of what the IRS alleged was a scheme to evade taxes. But the district court found that Plaintiffs failed to prove that it was more probable than not that the false statement caused the NTA to participate in the simultaneous examination. That finding was not clearly erroneous. The NTA had an interest in stopping tax evasion in general, not just evasion involving large amounts of money. Had the Unreported Income Statement not been included in the Simultaneous Examination Proposal, the proposal would still have contained sufficient detail about Plaintiffs' business structure, income sources, and tax liabilities to support the examination. It would, for example, still have included what the district court called "provocative allegations that Maughan and Yamagata were hiding income from the United States and possibly Japan as well as hiding dividends as 'commissions' in the cost of goods sold to avoid Japanese

4

withholding tax." *See* Findings of Fact and Conclusions of Law at 28 (Feb. 11, 2015), ER at 30, 2015 WL 567003, at *17. On their own, "[t]hese allegations were a sufficient basis for Japan to enter into the simultaneous examination." *Id.*

To prove causation, Plaintiffs relied heavily at trial on a letter dated January 11, 1995, *see* ER at 652-59, from which they said causation could be inferred because the NTA took no action after receiving that letter even though it contained the information included in the 1996 Simultaneous Examination Proposal, except for the false Unreported Income Statement. We see no clear error in the district court's determination that the January 1995 letter did not establish the necessary causation by a preponderance of the evidence, as the letter and the proposal had differing purposes. The former sought the NTA's assistance with an IRS investigation while the latter proposed a simultaneous examination. A lack of response to the letter is insufficient to prove that the Unreported Income Statement caused actual damages.

Although we affirm the district court's award and judgment in significant part, we reverse and remand this matter in one narrow respect. As agreed by the United States, Rex Maughan and Ruth Maughan should have each been awarded $1000. *See* Final Pretrial Order at 97 (July 10, 2014), ER at 296; Brief for the Appellee at 4 n.3. Accordingly, this matter is remanded with the

instruction that the district court amend its award of statutory damages to replace the award of $1000 to Rex and Ruth Maughan jointly with an award of $1000 to Rex Maughan and an award of $1000 to Ruth Maughan.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART**.